972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Steven FITZ, Petitioner-Appellant,
v.
Mary Sue TERRY; Ellis B. Wright, Warden, Respondents- Appellees.
 No. 90-6834.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: August 3, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Michael Steven Fitz, Appellant Pro Se.
 Mary Katharine Spong, Assistant Attorney General, Richmond, Virginia, for Appellees.
 E.D.Va.
 DISMISSED.
 Before RUSSELL, HALL, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Steven Fitz seeks to appeal the magistrate judge's denial of his 28 U.S.C. § 2254 (1988) petition.[1] Fitz challenged his convictions for robbery and use of a firearm during the commission of a felony on the grounds that his trial counsel was ineffective. Finding no error in the magistrate judge's decision, we deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Fitz claimed that counsel was ineffective in that he failed to move to suppress the victim's in-court identification of Fitz as the robber. The identification was allegedly tainted when a police officer pointed out Fitz's picture in a photo array after the victim, Howard Linkous, failed to identify Fitz. Linkous identified Fitz at the preliminary hearing and at the trial.
 
 
 3
 After an evidentiary hearing,[2] the magistrate judge determined that Fitz failed to satisfy the prejudice prong of the test for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). Fitz failed to show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694.
 
 
 4
 The identification was reliable under the totality of the circumstances, balancing the corrupting effect of the suggestive identification procedure against the following indicia of reliability: the witness's opportunity to view the suspect at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the suspect, the witness's level of certainty at the time of the identification, and the amount of time elapsed between the crime and the identification. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
 
 
 5
 With respect to the corrupting influence of the suggestive identification procedure, the magistrate judge noted that the photographs in the array presented to the victim did not resemble Fitz. The magistrate judge reviewed the photo array prior to Fitz's arrival at the hearing. He was unable to identify Fitz from the array. Further, after the victim's testimony at the hearing, the magistrate judge chose incorrectly between two photos from the array. Linkous also complained that the photos in the array were dark and unclear. He testified at the § 2254 hearing that he did not believe he could identify Fitz from the photo array even at that time and that the array had no impact on his in-court identification. The corrupting effect of the suggestive identification procedure was minimal.
 
 
 6
 The other indicia of reliability were sufficiently present to overcome the minimal corrupting influence. At the time of the crime, Linkous was eight to ten feet from the robber; the lighting conditions were reasonably good. The robber was not disguised; Linkous was wearing his glasses. The victim paid attention to the robber because the robber threatened him with a gun. Linkous's prior description of the robber was somewhat ambiguous: he stated the robber was in his mid-twenties, tall, stocky, and with a thin beard; he was unable to identify the color of the robber's jacket.
 
 
 7
 At the time of the identification, Linkous was quite certain Fitz was the robber. At the preliminary hearing, about a month after the crime, Linkous recognized Fitz as soon as Fitz walked in the room, before anything was said. A certain identification was also made at trial. These indicia of reliability outweigh the effect of the minimally suggestive identification procedure. Fitz's trial counsel was not ineffective.
 
 
 8
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. Fitz's motion for appointment of counsel is denied, as is his motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate judge. See 28 U.S.C.A. § 636(c) (West Supp. 1992)
 
 
 [2]
 A transcript of that hearing was prepared at government expense. 28 U.S.C. § 753(f) (1988)